Mr. Justice Walker delivered the opinion of the Court. Stewart, for the use of Chapman, recovered judgment against Ambrose H. Sevier, in the circuit court of Jefferson county ; on which judgment a writ of fi. fa. issued, and was levied on the slaves of Sevier, who gave bond to the sheriff for the delivery of the slaves on' the day appointed for their sale, with the complainants as his securities. Sevier failed to deliver the slaves, the bond was returned by th'e sheriff as forfeited, and, on motion’ of the plaintiff in execution, judgment was rendered against Sevier and his securities for’the damages sustained by reason of the breach of covenant to deliver the property in execution on the day of sale. After the judgment on the delivery bond, a writ of venditioni exponas issued on the original judgment, reciting the levy on the slaves, and directing the sheriff to expose thém to sale. This1 writ was, however, recalled without action on the part of the sheriff. And after an assignment of the judgment to the appellant, a writ of fi. fa. issued on the judgment rendeféd upon the delivery bond; to enjoin which, this suit is brought. The first ground for equitable relief seems to have been taken under a misapprehension of the legal effect of the judgment on' the delivery bond. The judgment was not void because actual' notice had not been given to the securities. (Ruddell v. McGuire; 6 Eng. 584. Borden et al. vs. State, use, &c., 6 Eng. 519.) And the legal effect of the judgment was to satisfy ánd discharge the' original judgment. (Whiting & Slark vs. Beebe et al., 7 Eng. R. 548.) And in the case of Withenspoon vs. Spring, (3 How. Rep. 60,) it was held that a second execution and levy on the original judgment are void; and Chief Justice Sharkey, in the case of McNutt vs. Wilcox and Farne, (3 How. 419,) gives, as a reason for the rule, that the plaintiff is not entitled- to two subsisting judgments on the same cause of action against the same parties. When, therefore, judgment was taken upon the delivery bond, its legal effect was to supersede the original judgment, and to satisfy and discharge it whilst the second judgment remained in-force. The writ of venditioni exponas, which issued on the original judgment, after the judgment on the delivery bond, imposed no obligation on the sheriff to execute it, created and imposed no liability or restriction upon-Sevier’s property; and as none was created, none was discharged by the order to return the writ,which was properly made to prevent a trespáss upon the property of Sevier. Of this, the surety had no right to complain, as’ his liability as such was neither increased nor diminished by the' proceeding upon the first judgment.- The second ground of equity relied upon is, that the judgment-upon the delivery bond was in fact paid by Sevier, although part of the sum was paid by Wright for Sevier. The answer positively denies the truth of this allegation; but, on the contrary,asserts that the judgment was purchased by Wright for himself'He admits, however, that Sevier wrote to him requesting him to' purchase the judgment, or take other steps to prevent his (Se-vier’s) property from being sold; and when we see that he paid the full amount of the residue of the judgment for it, and delayed process for several months, we cannot doubt that Wright made the purchase not for speculation, but to oblige Sevier. He could do this consistently with a purchase for himself, which his answer positively states, and against which there is no evidence, except the inference to be drawn from the letter written by Se-vier, to him, and the price given for the judgment. broTis(a) — The attorneys of the plaintiff in the judgment assigned' it to Wright, expressing, as the consideration, the payment, by Wright, to them, of the balance duo on. the j udgment. EuroRTMi. The assignment of the judgment was sufficient.(a) (Clark's ad. vs. Moss et al., 6 Eng. 736.) And mere delay to sue out process after the assignment, will not discharge the surety, (King v. Baldwin, 2 John. C. R. 558;) unless the delay is by contract upon sufficient consideration without the assent of the surety. (Stone & McDonald vs. State Bank, 2 Eng. 141. Caldwell vs. Mc Vicar, id. 422.) In this case, it is not pretended that any contract for delay was made, unless it could be shown that the purchase of the judgment was, in fact, a purchase by Sevier, (which we have seen is not done;) and even then it could only by inference be made a contract for further time. Wherefore, in consideration of the whole case, we think the circuit court erred in decreeing a perpetual injunction of the judgment at law. Let the decree be set aside and reversed, the injunction dissolved, and the bill dismissed with costs.